APPEAL from the judgment of a justice of the peace. Narr. in assumpsit for use and occupation. Pleas non assumpsit, c.
In 1836, Coard Burton contracted to sell Philip W. Mariner a house and lot for $60, and delivered possession; the deed to be made on payment of the purchase money. Philip Mariner died, and his representatives refused to pay the purchase money; but agreed to rescind the contract. Burton brought an action of ejectment and recovered the land; and brought this action for use and occupation. *Page 70 
 Cullen, for defendant, moved a nonsuit. The plaintiff shows that Mariner entered into possession of the premises under a contract of sale, and there is no evidence of abandonment of that contract. There is no evidence of a contract of renting, or of any occupation under any contract, express or implied, for the payment of rent.
The action for use and occupation will never lie unless the relation of landlord and tenant exists. (13 Johns. Rep. 489.) It is an action of assumpsit founded on a contract express or implied. Unless there be such contract or circumstances from which an assumpsit to pay rent can be implied, this action will not lie. The only contract proved here is a contract of sale. Even if it were proved to have been abandoned, it would leave the defendant, Mariner, in the position of a trespasser and not of a tenant. This is in truth an action for mesne profits after recovery in ejectment, which is an action of trespass sounding in tort. (13 Johns. Rep. 489; 2 Taunt. Rep.
145; 6 Johns. Rep. 46; Chitty on cont. 370-1,n. 1; 3 Conn. Rep. 303.
Ridgely. — The cases from Johnson's Rep.
proceed on the statute of the State of New York, adopting the English statute of 11 Geo. 2 ch. 19, sec. 14, which applies only to the case of a demise founded on the relation of landlord and tenant. The cases, therefore, are of no authority here, if our act of assembly is different. (Dig. 365.) Our act gives the action of assumpsit for use and occupation, in any case where the lands are occupied by permission of the plaintiff. It does not require a demise or contract of renting. (2 Saund. Pl. Ev.
423, [890.] Where the defendant has entered into a contract of sale which does not take effect, he is liable in an action of assumpsit for use and occupation, if his occupation has been a beneficial one. The exceptions are where the purchase money is paid and the sale is defeated for want of title in the vendor. (2 Taunt. Rep. 145; 3 Stark. Ev. 1517-9 n.) Where the contract fails without any fault in the vendor, and the occupation of defendant is beneficial, this action will lie. (3 Stark. Ev. 1519,note.) In the present case the contract of sale failed because the defendant did not pay the purchase money, and agreed to rescind. His possession of the premises was altogether beneficial to him, as he paid nothing. In such case the action would lie in England under the 11 Geo. 2, much more under our act, which does not look to a contract but gives the action in all cases of occupation by permission of plaintiff.
Money paid on a contract which is rescinded may be recovered back in assumpsit. Why? because in such case there is an implied promise, to pay it back if the contract is defeated. Why then should *Page 71 
there not equally be an implied promise to pay for the use and occupation of land which the defendant occupies under a contract of purchase, which fails? (1 Term. Rep. 133; 7 Ibid 181.)
Cullen, in reply. — There is no substantial distinction between the statute of Geo. 2., in force in New York, and our act of assembly in respect of the question now under discussion, (2 Saund. Pl. Ev. 420; Digest Del. Laws 365.) The only permission referred to by our act is that of a landlord to a tenant. No such holding by permission existed in this case. Mariner held not by permission of Burton, but as the owner, without any claim or idea of liability for rent.
The Court. — There is nothing in the case, as proved, from which a promise can be implied to pay rent. The relation of landlord and tenant never existed between Burton and. Mariner; nor was there any contract for the rent of the premises. The latter took possession as vendee and owner; the contract of sale was broken up, whether with or without his consent, without placing him in the relation of a tenant, or as holding by permission of Burton. On the contrary, Burton treated him as a trespasser, and turned him out by an action of ejectment.
Our act of assembly is the same with the statute of Geo. 2., its object being to give the action for use and occupation in cases of tenancy without demise by deed; but still, only in cases of tenancy or holding by permission of another under a contract, express or implied, to pay rent. Such is not this case, and the plaintiff below must be nonsuited.